

**FRANK W. BRENNAN, ESQ.**
PARTNER
FBRENNAN@FORCHELLILAW.COM

December 18, 2019

**Via ECF**
The Honorable Valerie E. Caproni, U.S. District Judge
U.S. District Court, Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

    Re:    **Defendants' Letter Motion Requesting Stay of Discovery**
             Case: *Trustees of the New York City District Council of Carpenters Pension Fund, et al. v. Showtime on the Piers LLC, et al.*
             **Case No.: 19-cv-07755 (VEC)**

Dear Judge Caproni:

    This firm represents defendants Showtime on the Piers LLC ("Showtime") and Charles Newman ("Newman") (collectively, "Defendants"). In light of Defendants' pending motion to dismiss this case in its entirety, Defendants respectfully request that discovery be stayed pursuant to Fed. R. Civ. P. 26(c) pending the Court's decision on said motion.

**I.    Background Information**

    Defendants filed their motion to dismiss on November 4, 2019 (ECF Doc. Nos. 25 -27). Plaintiffs filed their opposition to said motion on November 18, 2019 (ECF Doc. No. 28), and Defendants filed their reply in further support of said motion on November 25, 2019 (ECF Doc. No. 29). Defendants' motion to dismiss is fully briefed, and a courtesy copy of all motion papers was delivered to the Court on or about November 27, 2019. Plaintiffs served their discovery demands on December 2, 2019. Pursuant to the Civil Case Management Plan and Scheduling Order, the parties are required to complete fact discovery by March 27, 2020 and expert discovery by May 11, 2020 (ECF Doc No. 17). Defendants seek a stay of discovery to conserve resources and limit the parties' expenditure on legal fees for discovery that may be unnecessary. Indeed, if the Court grants Defendants' motion to dismiss in its entirety or in part, discovery may be mooted or narrowed. This is Defendants' first request for a stay of discovery.

    Alexander Leong, Esq. of my firm spoke with Plaintiffs' counsel, John Harras, Esq., regarding Defendants' request for a stay. Plaintiffs advised that they object to Defendants' request because they believe that Defendants' motion to dismiss is meritless. Plaintiffs further advised that they oppose this application based on the Court's decision to set a discovery schedule at the initial conference, notwithstanding Defendants' then expressed intention to file a motion to dismiss. Defendants maintain that their motion to dismiss is meritorious and Plaintiffs are misinterpreting the Court's decision to set a discovery schedule. In this regard, at the time of the

initial conference, Defendants apprised the Court of their intention to move to dismiss claims against defendant Newman *only* because Defendants had not made any final decisions to move to dismiss the claims asserted against Showtime (See ECF Doc. No. 17 at ¶8). After the initial conference, Defendants decided to file a motion to dismiss the complaint in its entirety.

## II. Good Cause Exists to Warrant a Stay of Discovery

A court has discretion to stay discovery during the pendency of a motion to dismiss upon a showing of good cause. Fed. R. Civ. P. 26(c)(1); *Morien v. Munich Reins. Am., Inc.*, 270 F.R.D. 65, 66-67 (D. Conn. 2010); *Josie-Delerme v. Am. Gen. Fin. Corp.*, 2009 WL 497609, at *1 (E.D.N.Y. Feb. 26, 2009). In determining whether good cause exists, courts consider: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay. *Morien*, 270 F.R.D. at 67; *Josie-Delerme*, 2009 WL 497609 at *1. Where, as here, defendants have presented substantial arguments for dismissal of many, if not all, of the claims asserted in the lawsuit, a stay of discovery is appropriate. *See, Spencer Trask Software and Information Services, LLC v. RPost International Limited*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). In this case, the *Morien* and *Josire-Delerme* factors weigh in favor of a stay.

### A. Defendants Have Made a Strong Showing that Plaintiffs' Claims Are Meritless.

With respect to the first factor, Defendants' motion to dismiss is sufficient to support a stay because it "is potentially dispositive, and appears to be not unfounded in the law." *Gandler v. Nazarov,* 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994). Indeed, Defendants raise several viable grounds for dismissing the Complaint, including, but not limited to, arguments that Plaintiffs are time-barred by the 3-year statute of limitations from bringing breach of fiduciary claims under ERISA against defendant Newman; contentions that plaintiffs Trustees of the New York City Carpenters Relief and Charity Fund ("Charity Fund") and The New York City and Vicinity Carpenters Labor-Management Corporation ("Labor-Management Corporation") lack standing to assert claims and/or failed to state claims under ERISA and the LMRA; and arguments that the doctrine of judicial estoppel bars Plaintiffs' claims. See ECF Doc. Nos. 27 and 29.[1]

As discussed in Defendants' motion papers (See ECF Doc Nos. 27 and 29), Plaintiffs' claim that Defendant Newman breached his fiduciary duties under ERISA must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because it is barred by the statute of limitations. See 29 U.S.C. § 1113(2). It is undisputed that (1) the applicable statute of limitations for Plaintiffs' breach of fiduciary duty claim against Newman is 3 years from the earliest date on which Plaintiffs had actual knowledge of the breach; and (2) Plaintiffs had actual knowledge of the Newman's alleged breach of fiduciary duty in 2015. See ECF Doc. No. 29, at. p. 2-6. As Plaintiffs had knowledge of the non-payment of benefit contributions at issue in 2015 and Plaintiffs did not file their breach of fiduciary duty claim against Newman until August 19, 2019 (See ECF Doc. No. 1), such claim is

---

[1] To the extent Plaintiffs oppose this letter motion and make any new arguments in opposition to Defendants' motion to dismiss that were not previously included in Plaintiffs' memorandum of law (ECF Doc. No. 28), Defendants' object to any such new arguments as improper and untimely and respectfully request that the Court ignore any such new arguments when considering Defendants' motion to dismiss.

time-barred as a matter of law. Dismissal of Plaintiffs' breach of fiduciary duty claim against Newman is also warranted based on the holding in the factually analogous case of *Demopoulos v. Anchor Tank Lines, LLC*, 117 F.Supp.3d 499 (S.D.N.Y. 2015), which Plaintiffs notably failed to distinguish or otherwise address in their opposition papers.

Further, the ERISA and LMRA claims asserted by the Charity Fund and Labor-Management Corporation should be dismissed for under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and/or Fed. R. Civ. 12(b)(6) for the failure to state a claim. In opposing Defendants' motion to dismiss, Plaintiffs admitted that the Charity Fund and Labor-Management Corporation lack standing to pursue claims under ERISA. ECF Doc. No. 28 at p.22. Defendants' motion to dismiss also demonstrates that the Charity Fund and Labor-Management Corporation lack standing to sue under Section 301 of the LMRA because they do not meet the definition of a "labor organization." See 29 U.S.C. §185(a)-(b). Plaintiffs' assertion that the Charity Fund are trustees of a charitable organization established under Section 501(c)(3) of the Internal Revenue Code is insufficient on its face to establish that the Charity Fund is a "labor organization" authorized to sue under the LMRA. See ECF Doc. No. 1, at ¶5. Similarly, Plaintiffs' averment that the Labor-Management Corporation is "a New York not-for-profit corporation organized and operated in accordance with Section 302(c)(9) of the LMRA, 29 U.S.C. §186(c)(9)" fails to set forth how the Labor-Management Corporation is a "labor organization" under the LMRA. See ECF Doc. No. 1, at ¶6. Plaintiffs' use of "labels and conclusions" and "formulaic recitation of the elements of a cause of action...devoid of further factual enhancement", are insufficient to set forth a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiffs' ERISA and LMRA claims against Defendants should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because the judicial estoppel doctrine precludes Plaintiffs from asserting, as they do now, that Showtime purportedly became bound to the 2011-2017 Trade Show CBA on September 16, 2015, through Showtime's conduct at a meeting on same date. *See* ECF Doc. Nos. 1 at ¶¶ 32-33 and 28 at p. 8-9. Plaintiffs' newfound theory directly contradicts the Plaintiffs' previous position in the *Trustees of the New York City District Council of Carpenters Penson Fund, et al. v, Showtime On the Piers LLC,* Case No. 16-cv-4788 ("*Showtime I*"), where Plaintiffs asserted that Showtime (purportedly) became bound to the 2011-2017 Trade Show CBA when Showtime signed an Interim Compliance Agreement ("ICA") on September 25, 2015.[2] In *Showtime I*, the Honorable Ronnie Abrams of this District Court found on 2 separate occasions that Plaintiffs acknowledged that there was no existing collective bargaining agreement between Showtime, the New York City District Council of Carpenters ("Union"), and Plaintiffs when the ICA was signed [on September 25, 2015]. See *Showtime I*, ECF Doc. No. 44, Tr. at 9:2-4 and *Showtime I*, ECF Doc. No. 56 at 3. Plaintiffs did not appeal Judge Abrams's findings in *Showtime I*. Yet, in this litigation, Plaintiffs are now claiming the opposite; in support of their ERISA claims, Plaintiffs now aver that Showtime, through its conduct, entered into a collective bargaining agreement with the Union on September 16, 2015, *prior* to Showtime's execution of the ICA. *See* ECF Doc. No. 1 at ¶¶ 32-33 and ECF Doc. No. 28 at 8-9. As Plaintiffs are asserting a position in this case that is contrary to a position they previously took in *Showtime I* and Judge Abrams relied

---

[2] *See Showtime I,* ECF Doc. Nos. 20 at ¶11, 21 at ¶10 and 34 at ¶11.

Hon. Valerie E. Caproni, U.S.D.J.
December 18, 2019
Page 4

on such prior position in her rulings, Plaintiffs are judicially estopped from premising their claims in this litigation on the theory that Showtime purportedly became bound to the 2011-2017 Trade Show CBA on September 16, 2015. *See Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 45 (2d Cir. 2015) (judicial estoppel applies when "(1) the party against whom the estoppel is asserted took an inconsistent position in a prior proceeding and (2) that position was adopted by the first tribunal in some manner, such as by rendering a favorable judgment."). Further, as one of the elements to stating facially plausible claims under Section 301 of the LMRA and Section 515 of ERISA is the existence of an enforceable collective bargaining agreement requiring Showtime to make the benefit fund contributions at issue and Plaintiffs fail to allege viable facts establishing how Showtime became bound to a collective bargaining agreement requiring payment of said contributions, Plaintiffs' claims should be dismissed pursuant Fed. R. Civ. P. 12(b)(6).

### B. Plaintiffs Seek Extremely Broad and Burdensome Discovery.

As for the second factor, Plaintiffs seek extensive electronic and paper discovery that is irrelevant and overbroad, and would cause Defendants to incur substantial time and expense.[3] Defendants' burden and costs may be significantly reduced if this Court grants Defendants' motion to dismiss in whole or in part. For example, Plaintiffs have propounded interrogatories upon defendant Newman, who, as noted above, should not be a party to this case since the statute of limitations bars the claim asserted against him. Plaintiffs' interrogatories to defendant Newman are also unduly burdensome in that they seek, among other information, the identity of: all persons at Showtime that would possess knowledge of Newman's job duties at Showtime; all vendors and customers with whom Newman worked as principal of Showtime; and all Showtime employees that Newman hired and/or fired.

Additionally, notwithstanding Plaintiffs' allegation that on September 16, 2015 Showtime agreed to remit benefit fund contributions to Plaintiffs **retroactive to January 1, 2015** (*See* ECF No. 1, at ¶ 32), Plaintiffs demand the production of the following records (including electronically stored information) *beginning from August 19, 2013* to present: (1) all contracts and subcontracts entered into by Showtime in which it agreed to perform Covered Work (defined as work performed within the scope of any of the Union's collective bargaining agreements); (2) all invoices submitted by Showtime in connection with the performance of any Covered Work; (3) all solicitations, proposals, and/or bids submitted by Showtime for any projects involving Covered Work; (4) all documents concerning any monetary transfers, real property transfers, payments made, loans, or other cash disbursements between Port Parties and Showtime; (5) Showtime's general ledgers, cancelled checks, check registers, cash disbursement journals and bank statements with check images; and (6) Showtime's payroll and time records concerning employees of Showtime and Port Parties. Plaintiffs also seek discovery regarding a broad range of subjects involving Defendants and non-parties, including, but not limited to, all documents and communications concerning any contracts or agreements between Showtime and Port Parties and all correspondence and communications concerning the job duties of Anthony Marino, Kyle Riesdel, Vincent Gigante, John Marino and Richard Soto. Given the burdensome discovery sought by Plaintiffs, a stay pending the Court's ruling on Defendants' dispositive motion is particularly

---

[3] Defendants reserve all objections to Plaintiffs' discovery demands and will assert them at the appropriate time.

appropriate. Should the Court grant Defendants' motion to dismiss in its entirety, the need for the burdensome discovery sought by Plaintiffs will be obviated. *See Spencer Trask,* 206 F.R.D. at 368 ("[P]roceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources."). Further, even if the Court dismisses some of Plaintiffs' claims, the scope of discovery will be narrowed. *See Rivera v. Heyman*, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997)("Given that disposition of the dismissal motion[s] may significantly narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on defendants."); *see also*, *Spinelli v. National Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015)("A stay may also have the advantage of simplifying and shortening discovery in the event that some of Plaintiffs' claims are dismissed and others survive, by limiting the scope of the parties' inquiry to claims that have been established as potentially viable.")

Defendants also believe that stay of discovery is appropriate because they anticipate seeking extensive and costly discovery as well. For instance, Defendants will be requesting the production of records and electronic data relating to all collective bargaining agreements that the Union entered into with Showtime and Port Parties and all communications regarding those agreements, including the negotiations of those agreements. Defendants will also be seeking the production of all communications between Charles Virginia, Esq., as a fact witness, the Plaintiffs and representatives of Showtime relating to the September 16, 2015 meeting, wherein Plaintiffs claim that Showtime agreed to be bound by the 2011-2017 Trade Show CBA. In addition to signing the Complaint and Plaintiffs' opposition papers to Defendants' motion to dismiss (*See* ECF Doc. Nos. 1 and 28), Mr. Virginia is a fact witness who attended said meeting and from whom Defendants intend to seek discovery.

### C. No Unfair Prejudice Would Result from a Stay.

Staying discovery would not prejudice Plaintiffs. Defendants' motion to dismiss is fully-briefed and any stay would last briefly. *See Rivera*, 1997 WL 86394, at *1 ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially delay the action, should it continue."). Moreover, any assertion by Plaintiffs that discovery should begin immediately is belied by Plaintiffs' decision to commence *Showtime I* in 2016 and litigate *Showtime I* for over 3 years before withdrawing *Showtime I* mere days before trial (*See Showtime I*, ECF Doc. Nos. 1 and 119) to commence this action on August 19, 2019. Plaintiffs' lengthy delay in pursuing the claims that they assert now demonstrate that there is no genuine urgency to the discovery they seek.

For all the reasons set forth herein, Defendants respectfully request that the Court grant Defendants' motion for a stay of discovery. We thank the Court for its consideration.

Respectfully submitted,
FORCHELLI DEEGAN TERRANA LLP

By:  /s/ Frank W. Brennan
  Frank W. Brennan