UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

TRUSTEES OF THE NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS PENSION FUND,
WELFARE FUND, ANNUITY FUND, and
APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, TRUSTEES OF THE NEW YORK CITY
CARPENTERS RELIEF AND CHARITY FUND,
and CARPENTER CONTRACTOR ALLIANCE OF
METROPOLITAN NEW YORK,

Case No.: 19-cv-7755 (VEC)

Plaintiffs,

**ANSWER TO THE AMENDED
COMPLAINT**

-against-

**WITH DEMAND FOR JURY TRIAL**

SHOWTIME ON THE PIERS, LLC and CHARLES
NEWMAN, individually,

Defendants.

------------------------------------------------------------------X

Defendants, SHOWTIME ON THE PIERS, LLC ("Showtime") and CHARLES
NEWMAN ("Newman") (collectively, "Defendants"), by their attorneys, Forchelli Deegan
Terrana LLP, as and for their answer to the Amended Complaint (hereinafter "Amended
Complaint") of the plaintiffs, TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and
APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY
FUND, and CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK
(collectively, "Plaintiffs") herein, respond as follows:

## NATURE OF THE ACTION

1.     Defendants neither admit nor deny the allegations in paragraph "1" of the Amended
Complaint, as they are not allegations of fact, but rather legal conclusions and/or a prayer for relief.

Defendants refer all questions of law and prayers for relief to the Court.  To the extent a response is required, Defendants deny the allegations in paragraph "1" of the Amended Complaint.

## JURISDICTION AND VENUE

2.      Defendants neither admit nor deny the allegations in paragraph "2" of the Amended Complaint, as they are not allegations of fact, but rather legal conclusions.  Defendants refer all questions of law to the Court.  To the extent a response is required, Defendants admit that Plaintiffs purport to invoke this Court's jurisdiction under Sections 502(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA"), Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, and the federal question jurisdiction statute, 28 U.S.C. § 1331.  Defendants deny that Plaintiffs have pled a claim upon which relief can be granted.

3.      Defendants neither admit nor deny the allegations in paragraph "3" of the Amended Complaint, as they are not allegations of fact, but rather legal conclusions.  Defendants refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations in paragraph "3" of the Amended Complaint.

## THE PARTIES

4.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Amended Complaint.

5.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Amended Complaint.

6.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Amended Complaint.

7.       Defendants deny the allegations contained in paragraph "7" of the Amended Complaint, except admit that Showtime is organized under the laws of the state of New York, and respectfully refer all questions of law to the trial court for interpretation, meaning and import at the time of trial.

8.       Defendants deny the allegations contained in paragraph "8" of the Amended Complaint, except admit that Defendant Newman is the President and owner of Showtime.

## **BACKGROUND**

9.       Defendants deny the allegations contained in paragraph "9" of the Amended Complaint.

10.       Defendants deny the allegations contained in paragraph "10" of the Amended Complaint, except admit that Newman is the President and owner of Showtime.

11.       Defendants deny the allegations contained in paragraph "11" of the Amended Complaint.

12.       Defendants deny the allegations contained in paragraph "12" of the Amended Complaint.

13.       Defendants deny the allegations contained in paragraph "13" of the Amended Complaint.

14.       Defendants deny the allegations contained in paragraph "14" of the Amended Complaint.

15.       Defendants deny the allegations contained in paragraph "15" of the Amended Complaint.

16.       Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Amended Complaint, and respectfully refer

to the alleged "2010 Port Parties CBA" (hereinafter "2010 Port Parties CBA") and the alleged "2001-06 Trade Show Association CBA" (hereinafter "2001-06 Trade Show Association CBA") for their true terms, intent and legal meaning.

17.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Amended Complaint, and respectfully refer to the alleged 2010 Port Parties CBA and the alleged 2001-06 Trade Show Association CBA for their true terms, intent and legal meaning.

18.     Defendants deny the allegations contained in paragraph "18" of the Amended Complaint, and respectfully refer to the alleged "2010 Port Parties ICA" (hereinafter "2010 Port Parties ICA"), the alleged 2010 Port Parties CBA, and the alleged 2001-06 Trade Show Association CBA for their true terms, intent and legal meaning.

19.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Amended Complaint, and respectfully refer to the alleged "2011-17 Trade Show Association CBA" (hereinafter "2011-17 Trade Show CBA") and the alleged 2001-06 Trade Show Association CBA for their true terms, intent and legal meaning.

20.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Amended Complaint, and respectfully refers to the alleged 2011-17 Trade Show Association CBA for its true terms, intent and legal meaning.

21.     Defendants deny the allegations contained in paragraph "21" of the Amended Complaint, and respectfully refer to the alleged collective bargaining agreement allegedly executed by Port Parties on March 16, 2010 (the "2010 Port Parties CBA"); the alleged notices served upon Port Parties to modify the "2010 Port Parties CBA"; the alleged 2010 Interim

Compliance Agreement allegedly executed by Port Parties on May 27, 2010; the "2011-17 Trade Show Association CBA" allegedly entered into between the Plaintiffs and "the Trade Show Association" for their true terms, intent and legal meaning.

22.    Defendants deny the allegations contained in paragraph "22" of the Amended Complaint.

23.    Defendants deny the allegations contained in paragraph "23" of the Amended Complaint.

24.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Amended Complaint.

25.    Defendants deny the allegations contained in paragraph "25" of the Amended Complaint.

26.    Defendants deny the allegations contained in paragraph "26" of the Amended Complaint.

27.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Amended Complaint.

28.    Defendants deny the allegations contained in paragraph "28" of the Amended Complaint.

29.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Amended Complaint.

30.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Amended Complaint.

31.    Defendants deny the allegations contained in paragraph "31" of the Amended Complaint.

32.     Defendants deny the allegations contained in paragraph "32" of the Amended Complaint.

33.     Defendants deny the allegations contained in paragraph "33" of the Amended Complaint.

34.     Defendants deny the allegations contained in paragraph "34" of the Amended Complaint.

35.     Defendants deny the allegations contained in paragraph "35" of the Amended Complaint, and respectfully refer to the alleged "Interim Compliance Agreement" ("2015 Showtime ICA"), the alleged 2011-17 Trade Show Association CBA and the alleged successor agreement to the 2011-17 Trade Show Association CBA for their true terms, intent and legal meaning.

36.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the Amended Complaint, and respectfully refer to the alleged 2011-17 Trade Show Association CBA and the alleged "Trust Agreements" (as referenced in paragraph "36" of the Amended Complaint) for their true terms, intent and legal meaning.

37.     Defendants deny the allegations contained in paragraph "37" of the Amended Complaint.

38.     Defendants deny the allegations contained in paragraph "38" of the Amended Complaint.

39.     Defendants deny the allegations contained in paragraph "39" of the Amended Complaint.

40.     Defendants deny the allegations contained in paragraph "40" of the Amended Complaint.

41.     Defendants deny the allegations contained in paragraph "41" of the Amended Complaint.

42.     Defendants deny the allegations contained in paragraph "42" of the Amended Complaint.

43.     Defendants deny the allegations contained in paragraph "43" of the Amended Complaint.

### AS TO PLAINTIFFS' FIRST CLAIM FOR RELIEF AGAINST SHOWTIME
*(Unpaid Contributions Under 29 U.S.C. §1145)*

44.     Defendants repeat and incorporate by reference all denials, admissions and other responses to the allegations in paragraphs "1" through "43", as if said statements were repeated herein at length in response to paragraph "44" of the Amended Complaint.

45.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "45" of the Amended Complaint, and respectfully refer to the statute, rule or regulation referenced therein for its true terms, intent and legal meaning.

46.     Defendants deny the allegations contained in paragraph "46" of the Amended Complaint.

47.     Defendants deny the allegations contained in paragraph "47" of the Amended Complaint.

48.     Defendants deny the allegations contained in paragraph "48" of the Amended Complaint.

49.     Defendants deny the allegations contained in paragraph "49 of the Amended Complaint.

50.     Defendants deny the allegations contained in paragraph "50" of the Amended Complaint.

51.     Defendants deny the allegations contained in paragraph "51" of the Amended Complaint.

52.     Defendants deny the allegations contained in paragraph "52" of the Amended Complaint.

## AS TO PLAINTIFFS' SECOND CLAIM FOR RELIEF AGAINST SHOWTIME
### (Violation of Labor Agreement Under 29 U.S.C. §185)

53.     Defendants repeat and incorporate by reference all denials, admissions and other responses to the allegations in paragraphs "1" through "52", as if said statements were repeated herein at length in response to paragraph "53" of the Amended Complaint.

54.     Defendants deny the allegations contained in paragraph "54" of the Amended Complaint.

55.     Defendants deny the allegations contained in paragraph "55" of the Amended Complaint.

56.     Defendants deny the allegations contained in paragraph "56" of the Amended Complaint.

57.     Defendants deny the allegations contained in paragraph "57" of the Amended Complaint.

58.     Defendants deny the allegations contained in paragraph "58" of the Amended Complaint.

## AS TO PLAINTFFS' THIRD CLAIM FOR RELIEF AGAINST NEWMAN
### *(Breach of Fiduciary Duty)*

59.     Defendants repeat and incorporate by reference all denials, admissions and other responses to the allegations in paragraphs "1" through "58", as if said statements were repeated herein at length in response to paragraph "59" of the Amended Complaint.

60.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "60" of the Amended Complaint, and respectfully refer to the alleged "ERISA Funds' Trust Agreements" ("ERISA Funds' Trust Agreements"); the 2015 Showtime ICA and the 2011-17 Trade Show Association Agreement referenced therein for their true terms, intent and legal meaning.

61.     Defendants deny the allegations contained in paragraph "61" of the Amended Complaint.

62.     Defendants deny the allegations contained in paragraph "62" of the Amended Complaint.

63.     Defendants deny the allegations contained in paragraph "63" of the Amended Complaint.

64.     Defendants deny the allegations contained in paragraph "64" of the Amended Complaint.

65.     Defendants deny the allegations contained in paragraph "65" of the Amended Complaint.

66.     Defendants deny the allegations contained in paragraph "66" of the Amended Complaint.

67.     Defendants deny the allegations contained in paragraph "67", inclusive of subsections "(a)" through "(g)", of the Amended Complaint.

68.     Defendants deny the allegations contained in paragraph "68" of the Amended Complaint.

## AS TO PLAINTIFFS' PRAYER OR REQUEST FOR RELIEF

69.     Defendants deny the allegations, claims, and relief requested as set forth in the "WHEREFORE" paragraph of the Amended Complaint, including subsections "(1)" through "(5)" therein.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

70.     By way of further answer, Defendants assert the following and other defenses.  In asserting these defenses, Defendants are providing notice to Plaintiffs of the defenses that Defendants intend to raise, and Defendants do not assume the burden of proof as to any of the following defenses where the law does not impose such burden on Defendants.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

71.     Defendants deny each and every allegation and claim in the Amended Complaint not expressly admitted herein.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

72.     Plaintiffs' Amended Complaint, is barred, in whole or in part, by the applicable statutes of limitation, and fails to identify any alleged acts and/or omissions by Defendant Newman, within the applicable three-year statute of limitations in support of the breach of fiduciary duty claim asserted against him.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

73.     The Amended Complaint fails to state a claim or cause of action upon which relief can be granted as a matter of fact and law.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

74.     Upon information and belief, Plaintiffs have been paid in full for any amounts that may have been owed by Defendant Showtime and such payment constitutes a complete defense to the Amended Complaint.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

75.     Upon information and belief, Defendants never received a demand for payment from the Plaintiffs and no further amounts are due and owing to the Plaintiffs.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

76.     Upon information and belief, Plaintiffs' claims are barred and precluded, in whole or in part, as a result of the Plaintiffs' members' failure to authorize in writing wage deductions that constitute part or all of Plaintiffs' claims.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

77.     Upon information and belief, the sums and amounts sought by Plaintiffs are owed by third-parties over which Defendants possess no control.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

78.     Plaintiffs have failed to name necessary parties to this action.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

79.     Plaintiffs' claims are barred, in whole or in part, because Defendants did not enter into and are not bound by any agreement that obligates Defendants to pay the benefit fund contributions sought in this action.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

80.     Plaintiffs are barred, in whole or in part, from obtaining the relief sought in the Amended Complaint by reason of the doctrines of unclean hands, laches, estoppel, waiver and/or judicial estoppel.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

81.     Plaintiffs are barred, in whole or in part, from obtaining the relief sought in the Amended Complaint by the doctrine of unjust enrichment.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

82.     Plaintiffs' claims in the Amended Complaint are barred, in whole or in part, because Plaintiffs lack standing to assert the claims raised therein.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

83.     The Amended Complaint, in whole or in part, fails to provide the requisite short and plain statements of claim showing that Plaintiffs are entitled to relief as mandated by Federal Rules of Civil Procedure, Rule 8, requiring its dismissal for failure to meet the heightened pleading obligations established pursuant to *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955 (2007), *Aschroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937 (2009), and their progeny.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

84.     The Court lacks subject matter jurisdiction, in whole or in part, over Plaintiffs' claims.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

85.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of payment, tender, discharge, waiver, abandonment, and/or estoppel.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

86.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of release, accord and satisfaction.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

87.     The contributions that Plaintiffs seek are illegal.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

88.     Plaintiffs' claims, in whole or in part, are preempted by ERISA.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

89.     The contracts alleged in the Amended Complaint are void as against public policy.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

90.     Plaintiffs' Amended Complaint fails to state a claim upon which either pre-judgment or post-judgment interest, liquidated or punitive damages, attorneys' fees, costs and/or expenses may be awarded.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

91.     If Defendants are found to have failed to pay Plaintiffs any amounts due, which Defendants deny, Defendants are entitled to credits and/or set off any overpayments or other sums owed by Plaintiffs against any judgment.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

92.     Defendant Showtime is not a successor and/or alter ego to non-party Port Parties Ltd.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

93.     At all relevant times hereto, Defendants complied with all requirements of ERISA and LMRA.

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE**

94.     Plaintiffs have failed to comply with one or more necessary conditions precedent and/or exhaust other available remedies.

**AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE**

95.     The results of the audit(s) performed by the Funds' auditors to determine the amount of contributions allegedly owed by Defendant Showtime to the Funds are flawed, inaccurate, erroneous, and inflated.

**AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE**

96.     The proper forum for this dispute is the National Labor Relations Board "(NLRB") because: (a) Plaintiffs appear to seek recovery of benefit contributions relating to work performed at the New York Passenger Ship Terminal in Manhattan, over which the Allied Crafts Union No. 1909, ILA, AFL-CIO ("Local 1909"), has asserted exclusive and/or primary jurisdiction; and (b) Plaintiffs are not third party beneficiaries of any collective bargaining agreement between Local 1909 and Showtime.  Thus, as the threshold issue of which union(s) possess(es) exclusive and/or primary jurisdiction over the work underlying the contributions sought in this action remains unresolved by the NLRB, the action should be dismissed for lack of ripeness and/or Plaintiff's lack of standing.

**AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

97.     Defendants have made all payments to Plaintiffs to which Plaintiffs are entitled in connection with their claims and otherwise owes no duty or debt to Plaintiffs.

**AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

98.     At all relevant times hereto, Defendants acted in good faith and have not violated any rights secured under any federal, state or local laws, rules, regulations, statutes, ordinances or guidelines.

## <u>AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE</u>

99.     To the extent Plaintiffs have suffered any injury, which is denied, that injury is the result of Plaintiffs' own acts or omissions and not any act or omission of Defendants.

## <u>RESERVATION OF RIGHTS</u>

100.    Defendants reserve the right to amend their Answer during the course of this litigation.  Defendants also reserve the right to assert such additional defenses as may appear and prove applicable during the course of this action.

## <u>DEMAND FOR JURY TRIAL</u>

101.    Defendants hereby demand a trial by jury.

WHEREFORE, the Defendants, Showtime of the Piers, LLC and Charles Newman, demand judgment dismissing the Amended Complaint, together with their costs, disbursements and reasonable attorneys' fees, and for such other and further relief as this Court deems just and proper.

Dated: Uniondale, New York
       June 15, 2020

                        FORCHELLI DEEGAN TERRANA LLP


                        By:___/s/ Frank W. Brennan_____
                               Frank W. Brennan, Esq.
                        *Attorneys for Defendants*
                        The OMNI
                        333 Earle Ovington Blvd., Suite 1010
                        Uniondale, NY 11553
                        Phone: (516) 248-1700
                        E-Mail: fbrennan@forchellilaw.com

15